

FILED
SEP 17 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

THE HARTFORD FIRE INSURANCE COMPANY,
*as subrogee of* Technical Equipment Sales,

Plaintiff,

v.   ACTION NO. 2:10cv191

SUNTECK TRANSPORTATION GROUP, INC., and

CASTELL TRUCKING CORPORATION,

Defendants.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure by order of reference entered August 10, 2010, for a Report and Recommendation for the disposition of plaintiff's Motion for Entry of Default and Default Judgment (ECF No. 18) against defendant, Castell Trucking Corporation ("Castell"). The undersigned recommends entry of judgment by default in favor of Plaintiff against Castell pursuant to Rule 55 of the Federal Rules of Civil Procedure, in an amount to be determined upon the date of final judgment based on actual damages of $108,161.99, plus prejudgment interest from May 2, 2008. The undersigned further recommends the entry of judgment by default be held in abeyance until the conclusion of this action with respect to defendant Sunteck Transportation Group, Inc.

I.  **Procedural History**

On April 29, 2010, The Hartford Fire Insurance Company, as subrogee of Technical Equipment Sales ("Hartford") filed a Complaint against Sunteck Transportation Group, Inc. ("Sunteck") and Castell as a result of damage to the insured's property during shipment by the defendants. Castell is a Delaware corporation dedicated to interstate and instrastate trucking. Compl. ¶ 2. The Virginia State Corporation Commission lists Castell's registered agent as Edward Castell at 115 Windsor Pines Way, Newport News, Virginia 23608. Pl's. Mot. for Entry of Default and Default Judg. ("Pl's. Mot.") ¶ 2, ECF No. 18. Daniel Wood, a private process server, attempted service on Castell's registered agent on seven occasions at the registered address. Id. Wood executed an affidavit detailing his service attempts. Wood Aff., ECF No. 6 at 3.

Hartford next attempted to serve Castell through the Secretary of the Commonwealth of Virginia pursuant to Section 8.01-329 of the Code of Virginia. Pl's. Mot. ¶ 4. The Secretary of the Commonwealth mailed the Complaint via certified mail, return receipt requested, on or about June 3, 2010, and filed a Certificate of Compliance on June 7, 2010. ECF No. 11. The package was never claimed from the post office, and the United States Postal Service returned the package as undeliverable on June 24, 2010. Pl's. Mot. ¶ 6.

Finally, Hartford requested service on the State Corporation Commission as an agent of Castell pursuant to Sections 12.1-19.1 and 13.1-766(B) of the Code of Virginia, as Castell is a foreign stock corporation whose registered agent in Virginia could not be found. Id. ¶ 7. Hartford requested the SCC mail the service packet to Castell at two different addresses: the principal place of business on file with the Virginia SCC (570C Industrial Park Drive, Newport News, Virginia 23608) and the principal place of business on file with the Delaware SCC (1220 N. Market Street,

Suite 808, Wilmington, Delaware 19801). Id. ¶ 7. The SCC filed its Certificates of Compliance on July 15, 2010. ECF No. 16.

Service of process on a statutory agent (the Secretary or the SCC) is effective as of the date the certificate of compliance is filed with the clerk of the court. Va. Code Ann. §§ 8.01-326.1, 8.01-329(C). Accordingly, service on Castell was effective, at the latest, on July 15, 2010. ECF Nos. 11, 16. Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Castell had twenty-one days from service to file an answer or responsive pleading. As of the filing of this Report and Recommendation, Castell has not filed an answer or responsive pleading.

On August 7, 2010, Hartford filed a Motion for Entry of Default and Default Judgment as to defendant Castell. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Castell on August 10, 2010, and the case was referred to the undersigned Magistrate Judge to conduct a hearing and prepare a Report and Recommendation on the disposition of the Motion for Entry of Default and Default Judgment. Castell has filed no response to the motion. Sunteck filed a "Limited Objection" to the motion on August 19, 2010, to which Hartford replied on August 25, 2010. The Court held a hearing on August 27, 2010. David Ventker, Esq., and Valerie Huber, Esq., represented Hartford, and Joseph Moriarty, Esq., represented Sunteck. Sandra Chipman, a claims adjuster for Hartford, appeared and testified as to damages. The Official Court Reporter was Heidi Jeffries. Castell did not make an appearance.

## II. Proposed Findings of Fact

Following a full review of the pleadings and exhibits, and after hearing testimony, the Court finds that Hartford has established the following:

Hartford provided all risk cargo insurance covering the shipment that is the subject of this

suit. Compl. ¶ 2. On or about April 29, 2008, Technical Equipment Sales and Sunteck entered into an agreement by which Sunteck agreed to transport a Makino CNC machine with accessories ("Makino Machine"), from Virginia International Terminals in Norfolk, Virginia, to Garrity Tool Company ("Garrity") in Indianapolis, Indiana. Id. ¶ 5. The transport was by motor carriage pursuant to a straight bill of lading issued by Sunteck. Compl. Ex. A, Bill of Lading, ECF No. 1-1. Included and incorporated into the Bill of Lading were instructions from Technical Equipment Sales directing that the Makino Machine was to be transported via Air Ride vehicle and to be tarped at all times during transport. Id. On information and belief, Sunteck then subcontracted, without Technical Equipment Sales' knowledge or consent, with Castell for Castell to transport the Makino Machine from Norfolk, Virginia, to Indianapolis, Indiana. Compl. ¶ 7 and Ex. B, ECF No. 1-2.

On April 30, 2008, the Castell driver took custody and control of the Makino Machine in Norfolk, Virginia, and certified it to be in good condition. Compl. Ex. C, ECF No. 1-3. On May 2, 2008, the Makino Machine arrived at Garrity's Indianapolis facility. Compl. ¶ 9. Upon arrival, Garrity noted that the Makino Machine had not been transported via Air Ride vehicle, nor was it tarped, as required by the Bill of Lading. Compl. Ex. D, ECF No. 1-4. The Makino Machine had suffered water damage and vibration damage and was rendered unusable for its intended purpose. Compl. ¶ 10. The Makino Machine was returned to the manufacturer for refurbishment and subsequent sale at a substantial loss, and a new machine was shipped to Garrity from the manufacturer. Id. ¶ 11.

On August 27, 2010, Sandra Chipman, a claims adjuster for Hartford, testified that Hartford paid Technical Equipment Sales $108,161.99 on May 2, 2008, pursuant to the risk cargo insurance

4

policy covering the Makino Machine at the time it was damaged.[1] Technical Equipment Sales, the owner of the shipment, has assigned to Hartford all rights of recovery against any party responsible for the loss to the extent of the payment by Hartford. Compl. ¶ 2.

## III. Grounds for Entry of Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure provides for judgment by default when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Service of process on Castell pursuant to Va. Code Ann. §§ 8.01-326.1, 8.01-329(C), was effective, at the latest, on July 15, 2010. Judgment by default is appropriate in this case where the defendant Castell failed to file an answer or responsive pleading to the Complaint, and failed to make any appearance in the case.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1337(a) since the case is brought under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706, *et seq*. The Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367. Further, this action lies within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Venue is proper in this Court, and the Court has personal jurisdiction over Castell, because Castell took custody of the shipment at issue at the Virginia International Terminals in Norfolk, Virginia. 28 U.S.C. § 1391(b)(2); Shaffer v. Heitner, 433 U.S. 186, 203 (1977); Compl.

---

[1] Ms. Chipman discussed the six exhibits entered into evidence: Exhibit 1 – the Subrogation Receipt, Exhibit 2 – the Technical Equipment Purchase Order, Exhibit 3 – a Summary of Claims, Exhibit 4 – Reports from Engineers, and Exhibits 5 and 6 – Makino's Quotes for Repairs.
Ms. Chipman explained Exhibit 3, a summary of the claims made by the insured with documents attached to support each claim. Ms. Chipman testified two entries in the summary were not covered by the insurance policy, the "lost production by customer" of $10,000, and the "extra warranties" of $11,060. Therefore, the amount paid by Hartford was the total cost of $129,221.99 minus $21,060, or $108,161.99.

¶¶ 5, 8, Ex. C.

Upon default, the facts alleged in the Complaint are deemed admitted. See Fed. R. Civ. P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."); see also GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n. 3 (E.D. Va. 2003). Based on the facts established in the Complaint, plaintiff Hartford provided all risk cargo insurance to Technical Equipment Sales for the shipment of the Makino Machine. The Makino Machine was damaged during shipment by the defendants. Consequently, Hartford paid Technical Equipment Sales for the loss. Technical Equipment Sales has assigned to Hartford all rights of recovery against any party responsible for the loss to the extent of the payment by Hartford to Technical Equipment Sales.

Pursuant to Rule 55(b)(2), the Court conducted a hearing to determine the amount of damages. During the hearing, Hartford established actual damages in the amount of $108,161.99 paid to Technical Equipment Sales on May 2, 2008. The Court recommends an award of pre-judgment interest, which is "within the discretion of the district court." Mary Helen Coal Corp. v. Hudson, 235 F.3d 207, 210-211 (4th Cir. 2000), citing Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717, 727 (4th Cir. 2000). Calculating pre-judgment interest based on the average prime rate "is both reasonable and appropriate and is the prevailing view for just compensation of a damaged plaintiff. Norfolk & Porstmouth Belt Line R. Co. v. M/V MARLIN, No. 2:08cv134, 2009 WL 3363983, at * 15 (E.D. Va. Oct. 9, 2009) (quoting BP Exploration & Oil Inc. v. Moran Mid-Atlantic Corp., 147 F. Supp. 2d 333, 346 (D. N.J. 2001)). Hartford proved actual damages of $108,161.99 on May 2, 2008. The Court calculates pre-judgment interest from May 2, 2008, to

September 17, 2010, as $9,627.71.[2] Accordingly, on September 17, 2010, the total amount of damages is $117,789.70. As the date of final judgment is uncertain, this amount will be increased by the accrual of additional interest from the period after September 15, 2010, until the conclusion of the action when final judgment is entered.

## IV. Grounds for Delaying the Entry of Default Judgment

Sunteck filed a Limited Objection to Hartford's motion asking the Court to delay entry of default judgment against Castell until the matter has been adjudicated with respect to Sunteck. ECF No. 22 at 2. There is just reason for delaying the entry of final default judgment against Castell until the conclusion of the action against Sunteck, to avoid potential inconsistent judgments. Federal Rule of Civil Procedure 54(b) authorizes entry of a final judgment as to one of multiple defendants in a civil action following an express finding that "there is no just reason for delay." The avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide "just reason." See Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582

---

[2] An average of the monthly prime rate for May through December 2008, as reported by the Federal Reserve, was 4.65%. See http://www.federalreserve.gov/releases/h15/data/monthly/h15 PRIME NA.txt. The average prime rate for 2009, and the average prime rate through July 31, 2010 was 3.25%. Id. The Court calculates pre-judgment interest, compounding at the end of each calendar year, as follows:

$108,161.99 for 243 days in 2008 at 4.65% = $3,348.43
$111,510.42 for 1 year in 2009 at 3.25% = $3,624.09
$115,134.51 for 259 days in 2010 at 3.25% = $2,655.19

Total Pre-judgment Interest = $9,627.71.

Hartford used the average prime rate for 2008 of 5.09% when providing their calculation. Pl's. Mot. at 4. However, Hartford did not pay the insured until May 2008. Therefore, the prime rate for January through April is not applicable, and the average prime rate from May through December 2008 of 4.65% has been used in the Court's calculation.

(E.D. Va. 2000) (withholding entry of default judgment against non-appearing software distributor defendant pending resolution of claims against the software manufacturer in a suit alleging both had misrepresented the software's capabilities); see also Jefferson v. Briner, Inc., 461 F. Supp.2d 430 (E.D. Va. 2006) (declining to enter default judgment against non-responsive defendant until conclusion of the case where mortgage brokerage and related entities allegedly violated the Equal Credit Opportunity Act and Truth in Lending Act). The United States Supreme Court addressed this issue in Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872). In Frow, plaintiff alleged fourteen defendants were jointly liable for conspiracy to commit fraud against him. Id. After the entry of default judgment in the plaintiff's favor against non-appearing defendants, the trial court found no fraud had occurred. Id. at 553. The Supreme Court reversed the inconsistent judgments, noting:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default ... against him, and proceed with the cause upon the answers of the other defendants. ... But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Id. at 554. While joint liability was alleged in Frow, the Fourth Circuit have construed Frow to apply to defendants alleged to be joint or severally liable who are closely interrelated. See U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir.1967).

Hartford has alleged that Sunteck, the original contractor, and Castell, the subcontractor, are both liable for: (1) violation of the Carmack Amendment to the Interstate Commerce Act (Counts I and II), (2) breach of contract (Count III), and breach of their duties under the bailment (Count IV).

8

Compl. ¶¶ 14-29. While joint liability is not pleaded, the defendants are "similarly situated" with respect to the facts and potential defenses. An entry of default judgment against Castell at this stage of the litigation risks unavoidable inconsistency with a later judgment should the Court find for Sunteck. Accordingly, the undersigned recommends the Court hold in abeyance the entry of default judgment against Castell, pending conclusion of the action against Sunteck.

## V. Recommendation

For the foregoing reasons, the Court recommends Plaintiff's motion be GRANTED and judgment by default be ENTERED at the conclusion of the case in favor of Plaintiff against defendant Castell Trucking Corporation, pursuant to Rule 55 of the Federal Rules of Civil Procedure, in an amount to be determined upon the date of final judgment based on actual damages of $108,161.99, plus prejudgment interest from May 2, 2008, and costs.

## VI. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 17, 2010

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

David N. Ventker, Esq.
Laura M. Grimes, Esq.
Valerie B. Huber, Esq.
Ventker & Warman
101 West Main St.
Suite 810
Norfolk, VA 23510

Joseph P. Moriarty, Esq.
Willcox & Savage PC
One Commercial Place
Suite 1800
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

September 17, 2010

11