**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

THE HARTFORD FIRE INSURANCE COMPANY,
*as subrogee of* Technical Equipment Sales,

        Plaintiff,

v.                              ACTION NO. 2:10cv191

SUNTECK TRANSPORTATION GROUP, INC.,

        Defendant and Cross-Claimant,

CASTELL TRUCKING CORPORATION,

        Defendant and Cross-Defendant.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure by order of reference entered May 16, 2011, for a Report and Recommendation for the disposition of defendant Sunteck Transportation Group's ("Sunteck's") Motion for Entry of Default Judgment Against Castell Trucking Corporation ("Castell") on Sunteck's Cross-Claims (ECF No. 31). The undersigned recommends that Sunteck's motion be DENIED. The Court further recommends that Castell lose its standing as to Sunteck's cross-claims, including the right to present evidence at the trial, pursuant to the entry of default under Federal Rule of Civil Procedure 55(a).

## I. Procedural History

On April 29, 2010, The Hartford Fire Insurance Company as subrogee of Technical Equipment Sales ("Hartford") filed a complaint against Sunteck and Castell alleging damage to Technical Equipment Sales's property during shipment by Castell. Sunteck filed an answer and cross-claims against Castell on June 28, 2010, claiming Castell has a contractual duty to defend, indemnify and hold Sunteck harmless for the claims alleged in the complaint. Cross-Claims ¶ 11, ECF No. 12. The cross-claims allege Castell is liable to Sunteck under theories of contractual indemnification, statutory indemnification, and common law indemnification for any damages Sunteck is required to pay to Hartford, as well as attorneys' fees and costs expended in this litigation. Cross-Claims ¶¶ 11-23. Castell is a Delaware corporation with its principal place of business in Newport News, Virginia. Compl. ¶ 2. The Virginia State Corporation Commission lists Castell's registered agent as Edward Castell in Newport News, Virginia. Sunteck's Mot. for Entry of Default J. ("Sunteck's Mot.") ¶ 3, ECF No. 31. Sunteck served its answer and cross-claims on Castell's registered agent on June 28, 2010, via United States mail, postage pre-paid. Sunteck's Mot. ¶¶ 2, 4, Ex B ¶ 4, ECF No. 31.

On April 7, 2011, Sunteck filed a Motion for Entry of Default and Default Judgment against Castell on Sunteck's cross-claims (ECF No. 29).[1] Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against cross-defendant Castell (ECF No. 30). Sunteck then filed a Motion for Entry of Default Judgment against Castell on Sunteck's cross-

---

[1] On August 7, 2010, Hartford filed a Motion for Entry of Default and Default Judgment as to defendant Castell. An Order was entered on October 13, 2010, adopting the Report and Recommendation filed September 17, 2010, and granting Hartford's motion for default judgment against Castell. The amount of the default judgment is to be determined upon the date of final judgment based on actual damages of $108,161.99, plus prejudgment interest from May 2, 2008, and costs. The entry of default judgment in favor of Hartford and against Castell shall be held in abeyance pending conclusion of the action against Sunteck.

claims (ECF No. 31) on April 8, 2011. The motion was referred May 16, 2011, to the undersigned Magistrate Judge to conduct hearings, including evidentiary hearings, if necessary, and to submit to the district judge proposed findings of fact, if applicable, and recommendations for the disposition of the matter.

## II.     Proposed Findings of Fact

Following a full review of the pleadings and exhibits, the Court finds that Sunteck has established the following:

Technical Equipment Sales entered into an agreement with Sunteck to arrange for the transportation of a Makino CNC machine with accessories ("Makino Machine") from Virginia International Terminals in Norfolk, Virginia, to Garrity Tool Company in Indianapolis, Indiana. Answer ¶ 5. Sunteck, a Florida corporation and Registered Property Broker pursuant to 49 U.S.C. § 13904, contracted with Castell, a common carrier by motor vehicle in interstate commerce, to transport the Makino Machine. Cross-Claims ¶¶ 2, 3, 6, Ex. A. Hartford provided all risk cargo insurance covering the shipment. Compl. ¶ 2. Hartford has alleged various causes of action against Sunteck, including causes of action under 49 U.S.C. § 14706, breach of contract, and breach of bailment, stemming from the transportation of the Makino Machine. Cross-Claims ¶ 5.

The contract between Sunteck (the "broker") and Castell (the "carrier"), the "Carrier Rate Confirmation," included instructions regarding using an Air Ride vehicle and tarping the Makino Machine, which Sunteck provided to Castell. Id. ¶ 7, Ex. A. The contract also included an indemnity provision stating, "CARRIER shall defend, indemnify, and hold harmless BROKER, its shipper customer, and the bill of lading parties from any claims, actions or damages, arising out of Carrier's performance hereunder, including damages of any kind asserted against

BROKER for . . . cargo loss and damages . . ." Id. ¶ 9, Ex. A.

**III.  Analysis**

  **A.  Standard of Review for Default Judgment**

Federal Rule of Civil Procedure 55(a) states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The general effect of the entry of default under Rule 55(a) is that the defaulting party loses his standing in court, his right to receive notice of the proceedings, and his right to present evidence at the final hearing. See Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927) (applying former Equity Rule 16); 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2682 (1998) (Rule 55(a) "adopts the substance of former Equity Rule 16").

In cases where the complaint is not for a sum certain, the plaintiff must apply to the court for entry of default judgment. Fed. R. Civ. Proc. 55(b). The decision to enter default judgment lies within the sound discretion of the court, Papagianakis v. The Samos, 186 F.2d 257, 263 (4th Cir. 1950), but default judgment generally is disfavored, Tazco, Inc. v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990).

Federal Rule of Civil Procedure 54(b) authorizes entry of a final judgment as to one of multiple defendants in a civil action following an express finding that "there is no just reason for delay." The avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide "just reason" for delaying an entry of default judgment. See Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D. Va. 2000).

  **B.  Delaying Entry of Default Judgment**

As an initial matter, the Court has subject matter jurisdiction pursuant to 28

4

U.S.C.§ 1337(a) since the case is brought under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, *et seq*. The Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367. Further, this action lies within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Venue is proper in this Court, and the Court has personal jurisdiction over Castell, because Castell took custody of the shipment at issue at the Virginia International Terminals in Norfolk, Virginia. 28 U.S.C. §1391(b)(2); Shaffer v. Heitner, 433 U.S. 186, 203 (1977); Compl.¶¶ 5, 8, Ex. C.

Pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, service of the answer and cross-claims on Castell was effective on June 28, 2010. Castell had twenty-one days from service to file an answer or responsive pleading under Rule 12(a)(1)(B). As of the filing of this Report and Recommendation, Castell has not filed an answer or responsive pleading to Sunteck's cross-claims, and Castell is in default. However, Sunteck is asking for judgment against Castell "for any such sums as Sunteck may be required to pay to the Plaintiff, and for Sunteck's attorney's fees and costs." Sunteck's Mot. at 3, ECF No. 31. The damages Sunteck seeks in its cross-claims cannot be calculated until the conclusion of the underlying action. Consequently, Sunteck is asking the court to enter a default judgment finding Castell liable to Sunteck for an undetermined amount. A decision as to liability, which does not establish the amount of damages, is not a final judgment. See Fed. Savings and Loan Ins. Corp. v. Quality Inns, Inc., 876 F.2d 353, 358 (4th Cir. 1989) (holding order that settled the issue of liability was non-final, and appeal should have been noted from the final order, which set the amount of damages and terminated the litigation). Accordingly, the undersigned recommends the Court deny Sunteck's motion for entry of default judgment against Castell pending conclusion of the underlying action.

## III. Recommendation

For the foregoing reasons, the Court recommends that Sunteck's Motion for Entry of Default Judgment be DENIED. The Court further recommends that pursuant to the entry of default under Rule 55(a), Castell lose standing as to Sunteck's cross-claims, including the right to present evidence at the trial.

## VI. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr</u>

v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

```
                                     _____/s/_____
                                           Tommy E. Miller
                                     UNITED STATES MAGISTRATE JUDGE
```

Norfolk, Virginia
June 29, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

> David N. Ventker, Esq.
> Laura M. Grimes, Esq.
> Ventker & Warman
> 101 West Main St.
> Suite 810
> Norfolk, VA 23510
>
> Valerie B. Huber, Esq.
> Foley Huber P.C.
> 211 W. Freemason St.
> Suite 300
> Norfolk, VA 23510
>
> Joseph P. Moriarty, Esq.
> Willcox & Savage PC
> One Commercial Place
> Suite 1800
> Norfolk, VA 23510

                                                        Fernando Galindo, Clerk

                                        By _____
                                              Deputy Clerk
                                              June     , 2011